IN THE UNITED STATES
COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHILDRESS SEAFOOD, INC.,<br>W. F. CHILDRESS<br>*Plaintiffs* | § | |
| Vs | § | CIVIL ACTION NO.<br>05-1044 C |
| THE UNITED STATES AND THE UNITED STATES ARMY CORPS OF ENGINEERS<br>*Defendants* | § | |

**PLAINTIFF'S 1st AMENDED ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Childress Seafood, Inc., and W. F. Childress and complain of the United States and the United States Army Corps of Engineers, and respectfully show in support:

## I. PARTIES

1.01 Childress Seafood, Inc. is a Texas Corporation that owns an Oyster Lease granted by the State of Texas located in Galveston and Trinity Bays, Galveston and Chambers Counties, Texas. Childress Seafood, Inc. is an oyster grower that was damaged as a result of U. S. Government dredging operations.

1.02 W. F. Childress is an individual who is the owner/operator of Childress Seafood, Inc., located in Smith Point, Chambers County, Texas. W. F. Childress is an oyster grower who was damaged as a result of U. S. Government dredging operations.

1.03 The U. S. Army Corps of Engineers is an agency of the United States Government and service of process can be obtained by serving Brian Bishop, Clerk of the United States Court of Federal Claims, 717 Madison Place N. W., Room 103, Washington, D. C. 20005, in accordance with RCFC 4(a).

## II. JURISDICTION

2.1 Jurisdiction is proper because the Court has original jurisdiction over claims asserted by Oyster Harvesters for damages caused by the United States resulting from dredging operations authorized by act of Congress in accordance with 28 U. S. C. §§ 1491(a) and 1497. No other court has exclusive or concurrent jurisdiction.

2.2 Venue is proper in Chambers, Harris, and Galveston Counties, Texas because the events causing damages to the Plaintiffs occurred in Chambers and Galveston Counties, Texas and the witnesses reside within the Counties of Chambers, Harris, and Galveston, Texas.

## III. FACTS

3.01 Plaintiffs are the owners and/or business beneficial owners of one or more oyster leases located in Galveston Bay and/or Trinity Bay, as well as one or more businesses involved in the harvest and sale of oysters in Smith Point, Chambers County, Texas.

3.02 Defendants are the United States and the United States Army Corps of Engineers. Defendants' agents were hired by Defendants to provide one or more services in regard to the maintenance dredging and widening project for the Trinity River and maintenance dredging of the channel at Smith Point, Texas.

3.03 Whenever it is alleged that Defendants committed an act, error, omission, or the conduct described therein, it is meant that such acts, errors, omissions and conduct was committed by Defendants and/or by those acting on behalf of Defendants, including but not limited to, all agents, officers, employees, representatives, servants, shareholders and directors, all of whom were at all times material hereto acting within the course and scope of their employment and/or agency, and/or with the apparent, expressed and/or implied authority of Defendants, and for whom Defendants are responsible in their official capacity.

3.04 Defendants, whose conduct is set forth more fully below, were involved in the planning, designing and instrumentation of this maintenance project that caused damages to the Plaintiffs.

3.05 Defendants and their agents were aware, prior to the commencement of the project in question during July 2003, that the project in question would and/or was likely to cause serious and substantial damages to the oyster leases and public oyster land upon which the Defendants and/or Defendants' agents dredged during the project in question.

3.06 Defendants and their agents were further aware that the failure to implement appropriate protective procedures in the performance of the project in question, would result in the discharge of one or more toxic and dangerous sediments, and other sediments that would greatly damage and/or destroy Plaintiffs' oyster reefs as well as the reefs that were considered "public" and upon which Plaintiffs harvested oysters to sell commercially.

3.07 The actual dredging began during July 2003. The dredging continued until August 2003. Subsequent to the dredging project in question, it was determined that sediment

and by-products from the dredging operations had spilled upon one or more of the Plaintiffs' leases. The damage caused to Plaintiffs' leases was extensive. The damage done to the public areas was also extensive. The damaged leases and public areas were the same leases and areas from where Plaintiffs harvested their oysters for commercial sale.

## IV. CAUSES OF ACTION

**Count 1 – 28 U.S.C. §§ 1491(a) and 1497**

4.1 Plaintiffs re-allege the allegations contained above and further allege that Defendant was strictly liable in the following:

4.2 Defendant damaged Plaintiffs' oyster leases during a dredging operation authorized by Act of Congress.

## V. PRE-AND POST JUDGMENT INTEREST

5.1 The Plaintiffs request pre-judgment and post-judgment interest at the maximum rate allowed by law from the date of judgment until the judgment has been paid in full.

## VI. DAMAGES

6.1 The Plaintiffs have suffered economic losses resulting from the conduct of the Defendant and its agents. The conduct of the Defendant and its agents was the proximate cause of the damages sustained by the Plaintiffs.

## VII. PUNITIVE DAMAGES

7.1 The conduct of all Defendants demonstrated conscious indifference towards the rights of the Plaintiffs. The intentional, malicious and willful nature of such conduct by the Defendants, and the conscious disregard of the Plaintiffs rights and welfare supports the imposition of punitive damages.

## VIII. ATTORNEY FEES

8.1 By reason of the damages the Plaintiffs have suffered as described above, the Plaintiffs have been compelled to employ an attorney to assist them in this cause of action. The Plaintiffs respectfully show this Court that they are entitled to recover their reasonable and necessary attorney fees, pursuant to the equity jurisdiction of this Court and the Tort Claims Act.

## IX. COURT COST

9.1 Plaintiffs request that they recover from parties, jointly and severally, all court costs.

## X. CONDITIONS PRECEDENT

10.1 All conditions precedent to the Plaintiffs' causes of action and for recovery of damages and Defendant's liability have been performed or have occurred.

## XI. ADOPTION BY REFERENCE

11.1 Except as otherwise expressly set forth or implied by context, all statements set forth in each paragraph of this pleading are adopted by reference and incorporated into each and every other section and paragraph of this pleading to afford Plaintiffs their maximum recovery for relief and for the purposes of providing fair notice of Plaintiffs' allegations.

## XII. PRAYER

12.1 For these reasons, Plaintiffs ask for judgment against Defendant for:

a. $ 5,900,000.00 in actual compensatory damages;
b. $ 10,000,000.00 in punitive damages;
c. reasonable attorneys fees;
d. pre-judgment and post-judgment interest;
e. costs of suit; and
f. all other and further relief, general or specific, legal or equitable to which he may be justly entitled.

Respectfully submitted,

s/Paul W. O'Finan
Texas Bar No. 24027376
Federal ID No. 30719
9597 Jones Road #317
Houston, Texas 77065
(713) 202-1776

ATTORNEY FOR PLAINTIFFS